UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Phillip Garza | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| V | § | 5:19-cv-134 |
| | § | |
| | § | |
| | § | |
| Portfolio Recovery Associates, | § | |
| | § | |
| LLC | § | |
| | § | |

**Complaint**

**Introduction**

1. Robocalls are epidemic. Each year complaints to the Federal Trade Commission and Consumer Financial Protection Bureau increase by hundreds of thousands. Consumers all over the United States are disrupted, interrupted, and frustrated by never-ending, unwanted calls to their cell phones. Hiya Inc., a smartphone app maker, reports in "Robocall Radar" that 26.3 billion robocalls were placed in 2018.[1]

2. A Pew Research Study found that 91% of Americans have cell phones, nine in ten "frequently" carry their phone with them[2]. Cell phones are ubiquitous, people carry them everywhere.

---

[1] https://assets.hiya.com/public/pdf/RobocallRadar.pdf (last accessed February 14, 2019).
[2] http://www.pewinternet.org/2015/08/26/chapter-1-always-on-connectivity/ (last accessed February 14, 2019).

3. University of California, Irvine professor Gloria Mark, Ph.D.'s study "No Task Left Behind? Examining the Nature of Fragmented Work" finds that when interrupted, it takes a person between 22 and 25 minutes to resume the task they were working on before the interruption.[3] Unconsented calls to cell phones cause unwanted and unanticipated interruptions in lives, work, and play.

4. Defendant Portfolio Recovery Associates has a corporate policy to robocall cell phones whether or not they have consent and even after consumers have revoked their consent.

5. In 1991, Congress enacted the Telephone Consumer Protection Act. In enacting the TCPA, Senator Hollings, the TCPA's sponsor, described auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the phone out of the wall" 137 Cong. Rec. 30, 821 (1991).

6. While a phone attached to the wall is becoming an anachronism, nearly everyone walks around a phone in their pocket, or within reach at all times. The penalties put in place 28 years ago are no longer sufficient to deter abusive robocalling and address the harms they cause.

7. The Fair Debt Collection Practices Act protects consumers from mistreatment by debt collectors. Congress made note that abusive, deceptive, and unfair debt collection practices contributed to the number

---

[3] https://www.ics.uci.edu/~gmark/CHI2005.pdf (last accessed February 14, 2019).

of personal bankruptcies, marital instability, job loss, and invasions of individual privacy.

8. Plaintiff brings this action for the hundreds of robocalls placed by Defendant in violation of the TCPA and FDCPA and seeks actual damages, statutory damages, and attorney's fees and costs.

**Jurisdiction & Venue**

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

11. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

12. Plaintiff, Philip Garza, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

13. Defendant, Portfolio Recovery Associates, LLC, is a Delaware limited liability company whose primary business address is 130 Corporate Blvd, Norfolk, VA 23502-4952. PRA may be served with summons via its registered agent Corporation Service Company d/b/a CSC-Lawyers, Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**Facts**

14. PRA regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

15. The principal purpose of PRA is the collection of such debts.

16. The Debt is a defaulted debt that PRA used for personal, family, and household purposes (the "Debt").

17. In an effort to collect the Debt, PRA began calling Garza approximately two years ago.

18. At the outset of these collection efforts, Garza asked PRA to stop calling his cell phone.

19. In spite of Garza's clear revocation of any consent he may have previously provided, PRA continued to place calls to Garza's cell phone.

20. When Garza answered PRA's calls he heard the clicks and pauses that are the hallmark of auto-dialed calls.

21. Eventually Garza changed his phone number.

22. PRA's calls stopped for a few weeks.

23. On information and belief, PRA skip traced Garza's new phone number.

24. It began placing auto-dialed calls to Garza's new number, without first securing permission to call this number.

25. Again, Garza changed his phone number. Again, after a few weeks, PRA began placing auto-dialed calls to another number it did not have consent to call.

26. Garza again changed his number. PRA again found his new number, and, without consent, began calling it.

27. Over the course of the last two years PRA placed two to three calls every day, six days a week, with the exception of the few weeks it spent skip tracing Garza.

28. Each call following Garza's revocation was placed in violation of the TCPA.

29. Each call placed following Garza's phone number change was made without first receiving his consent in violation of the TCPA.

30. PRA's calls interfered with Garza's use of his time at work and interrupted the enjoyment of his personal time.

31. PRA has been sued numerous times across the United States for its robocalling practices.

32. PRA's course of calling was made with the intent to harass and annoy Garza.

**First Cause of Action – Telephone Consumer Protection Act**

33. The State of Texas requires any entity that uses an autodialer to register it with the Texas Public Utilities Commission. PRA first registered its

autodialer with the PUC in 2008. PRA last renewed its autodialer registration on February 4, 2019.[4]

34. Garza's cellular telephone number was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

35. PRA used a dialing system that qualifies as an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1).

36. PRA used its dialing system to place calls to Garza in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

37. PRA's calls were not for an emergency purpose.

38. If Garza gave prior express consent, he revoked it at the outset of PRA's dialing campaign.

39.  Garza never gave consent for PRA to call any of the telephone numbers after he changed his phone number.

40. PRA willfully violated the TCPA with respect to Garza each time it called him after he revoked his consent to be called by using an ATDS or pre-recorded voice.

---

[4] https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245422800001 (last accessed 2/11/2019)

41. PRA knowingly violated the TCPA with respect to Garza, especially for each of the auto-dialed calls made to his cell phone after he revoked his consent to be called using an ATDS or pre-recorded voice.

42. PRA repeatedly placed non-emergency telephone calls to Garza's wireless number using an automatic telephone dialing system or prerecorded or artificial voice without Garza's prior express written consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii)

**Second Cause of Action – Fair Debt Collection Practices Act**

43. The FDCPA prohibits debt collectors from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.

44. One way the FDCPA prohibits harassment is by prohibiting a debt collectors from causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

45. By repeatedly calling Garza even after he had revoked permission under the TCPA, PRA violated the 15 U.S.C. § 1692d(5).

**Third Cause of Action – Invasion of Privacy**

46. PRA, through its collection activities, repeatedly and intentionally intruded on Garza's solitude, seclusion, or private affairs.

47. All the calls placed by PRA to Garza's cell phone were made with an automatic telephone dialing system, in violation of the TCPA, and would be highly offensive to a reasonable person.

48. These autodialed calls interrupted Garza's privacy, disrupted his sleep, interrupted his mealtimes, continually frustrated and interrupted his use of his time.

**Jury Demand**

49. Plaintiff demands this case be tried by a jury.

**Prayer for Relief**

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Statutory damages of $500 for each violation of the TCPA per 47 U.S.C. § 227(b)(3);

b. Stautory damages of up to $1,500 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

c. Actual damages per 15 U.S.C. § 1692k(a)(1);

d. Statutory damages per 15 U.S.C. § 1692k(a)(2)(A);

e. Attorney's fees and costs per 15 U.S.C. § 1692k(a)(3);

f. Actual damages for invasion of privacy;

g. Mental anguish damages; and

h. All other relief, at law or in equity that the Court may find to be just and proper.

                                        Respectfully Submitted,

                                        /s/William M. Clanton
                                        William M. Clanton
                                        Texas Bar No. 24049436

                                        Law Office of Bill Clanton, P.C.
                                        926 Chulie Drive
                                        San Antonio, Texas 78216
                                        210 226 0800
                                        210 338 8660 fax
                                        bill@clantonlawoffice.com